```
RECEIPT # _____
AMOUNT $ 150.00
SUMMONS ISSUED ___✓___
LOCAL RULE 4.1 ___✓___
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. CMG
DATE 6-10-04
```

FILED
IN CLERKS OFFICE

2004 JUN 10 P 1:40

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NUVERA FUEL CELLS, INC.,         )
                                 )
           Plaintiff,            )
                                 )   Civil Action No.
                                 )   04-11292 RWZ
      v.                         )   COMPLAINT
                                 )
XEROX CORPORATION,               )   JURY TRIAL DEMANDED
                                 )
           Defendant.            )
                                 )

Plaintiff Nuvera Fuel Cells, Inc. ("Plaintiff"), through its attorneys, Coudert Brothers LLP, for its complaint alleges as follows:

## INTRODUCTION

This is an action seeking injunctive relief, damages, and attorneys' fees based upon (i) federal trademark infringement under the Lanham Act, 15 U.S.C. §1114, (ii) federal trademark dilution under the Lanham Act, 15 U.S.C.§1125 (c), (iii) federal unfair competition, false designation of origin, and passing off under the Lanham Act, 15 U.S.C. §1125(a), (iv) federal false advertising under the Lanham Act, 15 U.S.C. §1125(a), (v) State of Massachusetts trademark dilution under G.L. c. 110B, §12, (vi) State of Massachusetts unfair trade practices under G.L. c. 93A, §11, and (vii) common law unfair competition, all arising from Defendant's unauthorized use of Plaintiff's trademark NUVERA, which is recognized throughout the United States and the world.

1

## JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of the federal claims pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338, which provide for the original jurisdiction of federal courts over trademark claims. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

2. This court has personal jurisdiction over Defendant because Defendant transacts business and solicits business in this judicial district, and derives substantial revenue from products sold or services offered within this judicial district. In addition, Plaintiff is being harmed in this judicial district.

3. Venue in this judicial district is proper pursuant to 28 U.S.C. §§1391(b) and (c).

## THE PARTIES

4. Nuvera Fuel Cells, Inc. ("Plaintiff") is a Delaware corporation with its principal place of business at 20 Acorn Park, Cambridge, Massachusetts, 02140. Plaintiff does business worldwide and throughout the State of Massachusetts.

5. On information and belief, Defendant Xerox Corporation ("Defendant") is a Delaware corporation with its principal place of business at 800 Long Ridge Road, Stamford, Connecticut, 06904. On information and belief, Defendant does business nationwide and throughout the State of Massachusetts, including in this judicial district.

## STATEMENT OF FACTS

6. Plaintiff is well known throughout the world as a leading developer of fuel processors, fuel cell stacks, and integrated fuel systems for stationary, industrial, and transportation applications.

7. Plaintiff's efforts at product development and testing have been tremendously successful and have produced a number of "firsts" in fuel processing technology, including being the first to ship fuel processing systems to automakers in the United States, Europe, and Japan, and the first to develop a fuel processor that exceeds the goals of the United States Department of Energy's FreedomCAR specifications in efficiency and size.

8. Since its inception, Plaintiff has worked steadily to promote the implementation and usage of fuel cells into every aspect of daily life. Fuel cells, which produce a clean and quiet energy with very little environmental impact, are a means of ending reliance on petroleum fuels.

9. Plaintiff has been the recipient of major United States and European governmental awards to aid it in the development of fuel cell technology, and Plaintiff's products have been and are currently being used by many businesses, including the Japan Gas Association, the U.S. Coast Guard, Renault, Fiat, and the telecommunications provider Verizon at its engineering facility in Woburn, Massachusetts.

10. Since as early as August, 2000, and continuing without interruption to the present, Plaintiff has continuously used the original and arbitrary word NUVERA as its principal trademark to promote its business for fuel cell systems suitable for use as an

alternative energy source to power, among other things, stationary applications and systems, including computer and copier systems.

11. While continuously testing and implementing its current technologies in stationary, industrial, and transportation applications, Plaintiff has been and is currently expanding its research regarding the use of fuel cells in smaller products, and as part of their product expansion strategy, may in the future produce fuel cells which will operate in consumer electronics and residential and office appliances, such as copiers.

12. On information and belief, several other companies such as Toshiba, Panasonic, Fujitsu, and Intel are currently working on the application of such fuel cell technology into personal computing equipment.

13. On May 10, 2000, Plaintiff applied for the registration of the NUVERA trademark in the United States Patent and Trademark Office. The United States Patent and Trademark Office Registration No. 2,512,793 was issued to Plaintiff for the trademark NUVERA on November 27, 2001.

14. Since 2000, Plaintiff has expended substantial sums of money in marketing its goods and services using the NUVERA trademark. Plaintiff continues to widely advertise and market its goods and services using the NUVERA trademark throughout the United States and in this judicial district by means of focused public relations efforts, national and international trade shows, industry speaking engagements, printed marketing and advertising materials, and on-line media.

15. Substantial amounts of time, effort, and money have been expended in ensuring that the general public associates the NUVERA mark exclusively with Plaintiff and its

products, and Plaintiff's website, www.nuvera.com, has received more than 6.6 million hits over the past twelve months, averaging over 500,000 hits per month.

16. Plaintiff's NUVERA name and mark have acquired a high degree of public recognition, fame, and distinctiveness throughout the United States, including in this judicial district, as symbols of a world leader in fuel cell technology and of products associated with such fuel cell technology.

17. Given Plaintiff's continuous, extensive, and exclusive commercial use and promotion of the NUVERA trademark since the year 2000, the mark has acquired very substantial value, reputation, and goodwill. The fame and goodwill associated with the NUVERA trademark is one of Plaintiff's most valuable corporate assets, and has come to associate Plaintiff exclusively with goods and services bearing the NUVERA mark.

18. The NUVERA mark is distinctive and famous and achieved its fame before Defendant began use of the NUVERA mark.

19. Plaintiff has been vigilant in protecting its interests in the NUVERA mark, and, prior to Defendant's unlawful activities, commencing in 2004, on information and belief, the NUVERA mark has not been used commercially by any entity other than Plaintiff.

## DEFENDANT'S WRONGFUL CONDUCT

20. On May 5, 2004 Defendant announced at an industry show that it is launching a new line of copy machines under the trademark NUVERA, a mark which is identical to that of Plaintiff's mark.

21. Defendant is currently advertising on its website www.xerox.com, and elsewhere extensively throughout the United States and this judicial district, that its NUVERA copy machines will soon be available for purchase. The website actively solicits customers to inquire regarding pricing and other purchasing information.

22. On information and belief, Defendant intends to continue to use the NUVERA mark in promoting both its company and its products.

23. On information and belief, Defendant will start taking orders for its NUVERA copiers on July 15, 2004, with customer installation beginning in August, 2004. Pricing for these high-speed copiers, which appear to be for commercial application in print shops and other industrial complexes, is between $177,000 and $217,000.

24. On April 30, 2004, Defendant filed an intent-to-use application to register the NUVERA mark, Application Ser. No. 78/410980, for:

"Laser printers, inkjet printers, computer printers, digital presses, photocopiers, computer servers, optical character recognition (OCR) scanners, facsimile machines, multifunctional devices composed of printer, photocopier, OCR scanner and facsimile machine, computer software for imaging, for management and operation of printers and computer networks, for optical character recognition; for workflow management, for access, distribution and management of information stored on databases"

in International Class 9, the same Class in which Plaintiff's NUVERA mark is registered.

25. On information and belief, a significant portion of Defendant's income is derived from its printers and copiers, many of which will now bear the NUVERA name, and Defendant's use of the trademark NUVERA will not only be on copiers and printers, but will extend to other products specified in its above-described application.

26. The market for Plaintiff's goods and services directly overlaps Defendant's goods and services for many reasons, including that almost every large corporation is a target for both Plaintiff's fuel cell energy source system and Defendant's printers and copiers.

27. Moreover, on information and belief, Defendant is investigating its role in the fuel cell industry by taking part in a U.S. Department of Energy program where Defendant is hosting a hydrogen refueling site for fuel cell vehicles at its facility in El Segundo, California.

28. Defendant is not now nor has ever been authorized by Plaintiff to commercially use the NUVERA mark. Defendant has willfully promoted and used, and, upon information and belief, will continue to promote and use, the NUVERA trademark in a way as to create a false association between Defendant and Plaintiff.

29. On information and belief, Defendant was aware of Plaintiff's NUVERA trademark and corporate name when Defendant chose to adopt the identical name for its new line of product, and has intentionally, willfully, and with knowledge sought to cause consumer confusion, mistake, and deception.

30. Defendant's use of the NUVERA trademark has and is likely to cause confusion, mistake, or deception. In particular, customers of Defendant have and are likely to believe that Defendant's services are associated, authorized, sponsored, or otherwise approved by Plaintiff, when in fact they are not. Such confusion has and is likely to occur within the State of Massachusetts and within this judicial district.

31. Defendant has already commercially profited, and continues to commercially profit, both directly and indirectly, through its unauthorized use of the NUVERA trademark, and Plaintiff has been and continues to be injured by Defendant's unlawful acts.

32. As a result of Defendant's use of the NUVERA mark, the goodwill associated with Plaintiff's mark is being and will continue to be diluted, blurred, and tarnished by the association of Plaintiff to Defendant, seriously compromising the uniqueness and individuality of the mark.

33. Defendant's conduct is causing immediate and irreparable injury to Plaintiff and will continue to damage Plaintiff and to deceive the public unless enjoined by this Court.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. §1114 (§32 of the Lanham Act)

34. Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

35. Defendant's use in commerce of the NUVERA mark in connection with the sale of its products and on its website is without permission or consent of Plaintiff, and has and is likely to cause confusion, or to cause mistake, or to deceive and mislead customers and potential customers as to the source or origin of Defendant's products or to believe that Defendants' products are associated with, authorized by, or sponsored by Plaintiff.

36. Defendant's acts, as described above, constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. §1114.

37. The aforesaid acts were undertaken willfully and deliberately and with the intention of causing confusion, mistake, or deception.

38. The aforesaid acts of Defendant have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

39. The aforesaid acts of Defendant have caused and will continue to cause damage, other than that which constitutes irreparable harm, in an amount to be determined at trial.

## COUNT II
## FEDERAL TRADEMARK DILUTION
## 15 U.S.C. §1125(c) (§43(a) of the Lanham Act)

40. Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

41. Plaintiff's NUVERA mark is strong, distinctive, and famous in the United States and throughout this District. The NUVERA mark is widely recognized by consumers and has received federal registration, as alleged above.

42. Defendant's unauthorized use of the NUVERA mark after the NUVERA mark has become famous has caused and is likely to cause dilution of the distinctive quality of the NUVERA mark through blurring and is damaging to Plaintiff's business and good will.

43. Plaintiff has no control over the nature and quality of Defendant's products. Any failure, neglect, or default by Defendant in providing their products will likely reflect adversely on Plaintiff as the believed source of origin thereof, tarnishing the reputation that Plaintiff has achieved through the long association of its NUVERA mark with high quality, premium goods and services, and thus hampering efforts by Plaintiff to

continue to protect its outstanding reputation for high quality products. All of this means that Defendant's conduct is likely to continue to cause dilution of the distinctive quality of the NUVERA mark through tarnishment.

44. By making unauthorized use of Plaintiff's federally registered NUVERA mark, Defendant has further diluted the distinctiveness of Plaintiff's mark by eroding the public's exclusive identification of the mark with Plaintiff, thus diminishing the distinctiveness, effectiveness, and prestigious connotations of the mark.

45. Defendant's wrongful conduct constitutes a direct threat to the distinctiveness of the NUVERA mark which Plaintiff has expended great efforts to develop and maintain.

46. Such acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(c).

47. The aforesaid acts were undertaken willfully and deliberately and with the intention of causing confusion, mistake, or deception.

48. The aforesaid acts of Defendant have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

49. The aforesaid acts of Defendant have caused and will continue to cause damage, other than that which constitutes irreparable harm, in an amount to be determined at trial.

### COUNT III
### FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND PASSING OFF
### 15 U.S.C. §1125(a) (§43(a) of the Lanham Act)

50. Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

51. The aforesaid acts of Defendant have caused and are likely to cause confusion, mistake, or deception by reason of the fact that consumers are likely to believe that Defendant's goods and services originate from, or are in some way properly connected with, approved by, or endorsed by Plaintiff.

52. The confusion, mistake, or deception referred to herein arises out of the aforesaid acts of Defendant which constitute unfair competition, false designation of origin, and passing off in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

53. The aforesaid acts of Defendant were undertaken willfully and deliberately and with the intention of causing confusion, mistake, or deception.

54. The aforesaid acts of Defendant have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

55. The aforesaid acts of Defendant have caused and will continue to cause damage, other than that which constitutes irreparable harm, in an amount to be determined at trial.

## COUNT IV
## FEDERAL FALSE ADVERTISING
## 15 U.S.C. §1125(a) (§43(a) of the Lanham Act)

56. Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

57. Defendant has made and continues to make false and/or misleading statements, descriptions of fact, and representations in connection with its good and services in commercial advertising or promotion that misrepresent the nature, characteristics, and quality of Plaintiff's goods and services and of Defendant's goods and services.

58. Defendant's acts, as described above, constitute false advertising in violation of 15 U.S.C. §1125(a).

59. The aforesaid acts of Defendant are willful and deliberate.

60. The aforesaid acts of Defendant have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

61. The aforesaid acts of Defendant have caused and will continue to cause damage, other than that which constitutes irreparable harm, in an amount to be determined at trial.

## COUNT V
## STATE TRADEMARK DILUTION

62. Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

63. The actions of Defendant have caused and are likely to cause confusion and injury to Plaintiff's business reputation and dilute the distinctive quality of the NUVERA mark, in violation of the laws of the State of Massachusetts, G.L. c. 110B, §12.

64. The aforesaid acts of Defendant are willful and deliberate.

65. The aforesaid acts of Defendant have caused great and irreparable injury to Plaintiff and unless restrained by this Court, will continue to cause further irreparable damage, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

66. The aforesaid acts of Defendant have caused and will continue to cause damage, other than that which constitutes irreparable harm, in an amount to be determined at trial.

## COUNT VI
## STATE UNFAIR TRADE PRACTICES

67. Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

68. Defendant has engaged in deceptive and unfair trade practices in violation of the laws of the State of Massachusetts, G.L. c. 93A, §11.

69. The aforesaid acts of Defendant are willful and deliberate.

70. The aforesaid acts of Defendant have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

71. The aforesaid acts of Defendant have caused and will continue to cause damage, other than that which constitutes irreparable harm, in an amount to be determined at trial.

## COUNT VII
## COMMON LAW UNFAIR COMPETITION

72. Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

73. By using the NUVERA trademark without Plaintiff's permission, Defendant has misappropriated Plaintiff's property and valuable goodwill at no cost to Defendant and has unfairly benefited from such property and valuable goodwill in violation of the common law of Massachusetts.

74. The aforesaid acts of Defendant constitute unfair business practices and constitute unfair competition and are resulting and have resulted in substantial damage to

Plaintiff's business, reputation, and goodwill in violation of the common law of Massachusetts.

75. Such acts are in violation of Massachusetts common law.

76. The aforesaid acts of Defendant are willful and deliberate.

77. The aforesaid acts of Defendant have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

78. The aforesaid acts of Defendant have caused and will continue to cause damage, other than that which constitutes irreparable harm, in an amount to be determined at trial.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1. Preliminary and permanent injunctions prohibiting Defendant, its officers, directors, agents, principals, divisions, sales representatives, servants, employees, resellers, associates, subsidiaries, affiliates, attorneys, successors and assigns and all persons acting by, through, under, or in active concert or in participation with, or controlled, either directly or indirectly, by any of them from using the mark NUVERA, or any variation thereof, in connection with the creation, offering,

advertising, promoting, marketing, or selling of any goods or services in the United States, and from otherwise infringing and diluting the NUVERA mark;

2. That Defendant be required to deliver for destruction all advertising and promotional materials, labels, cartons, brochures, business stationery, calling cards, information sheets, posters, signs, and any and all other printed or graphic materials of any type, including the plates, molds, or other means of producing the materials, which bear Plaintiff's NUVERA mark, or any variation thereof;

3. That this Court order the Commissioner of Patents and Trademarks to deny Defendant's Application Serial No. 78/410980 to register the NUVERA mark pursuant to its authority under 15 U.S.C. § 1119;

4. A program of corrective advertising in various media conducted by Defendant, which shall be to the satisfaction of, and approved by, Plaintiff;

5. That Defendant be directed to file with the Court and serve on Plaintiff, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

6. An accounting for all profits derived by Defendant and its subsidiaries from their unlawful acts;

7. An award of such damages in an amount sufficient to compensate Plaintiff for losses it has sustained as a consequence of Defendant unlawful acts, as well as profits attributable to the infringement, in an amount to be determined at trial;

8. An award of treble damages to Plaintiff;

9. That punitive damages be awarded to Plaintiff by reason of Defendant's willful, intentional, deliberate, malicious, and bad faith actions in order to deter such actions in the future;

10. An award of attorneys' fees and costs to Plaintiff; and

11. Such further relief as the Court may deem just and proper.

New York, New York
June 9, 2004

                                  Respectfully submitted,

                                  */s/ Stephen Hudspeth*

                                  Stephen M. Hudspeth (SH-8007)
                                  BBO # 243280
                                  Kevin W. Goering (KG-5859)
                                  David E. Wienir (DW-5804)
                                  COUDERT BROTHERS LLP
                                  1114 Avenue of the Americas
                                  New York, New York, 10036
                                  (212) 626-4400
                                  *Attorneys for Plaintiff*

AO 120 (Rev. 2/99)

**04 11292 RWZ**

FILED IN CLERK'S OFFICE
2004 JUN 10 P 1:40
U.S. DISTRICT COURT
DISTRICT OF MASS.

| TO: | | REPORT ON THE FILING OR DETERMINATION OF AN ACTION REGARDING A PATENT OR TRADEMARK |
|---|---|---|
| Commissioner of Patents and Trademarks Washington, DC 20231 | | |

In Compliance with 35 § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court __of Massachusetts__ on the following ☐ Patents or ☒ Trademarks:

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT Massachusetts |
|---|---|---|
| **PLAINTIFF** NUVERA FUEL CELLS, INC. | | **DEFENDANT** XEROX CORPORATION |

| | PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 2512793 | 11/27/01 | NUVERA FUEL CELLS, INC. |
| 2 | 78/410980 | (Serial Number) | Xerox Corporation intent to use application filed |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY ☐ Amendment ☐ Answer ☐ Cross Bill ☐ Other Pleading |
|---|---|

| | PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Commissioner   Copy 3—Upon termination of action, mail this copy to Commissioner
Copy 2—Upon filing document adding patent(s), mail this copy to Commissioner   Copy 4—Case file copy

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Nuvera Fuel Cells, Inc. v. Xerox Corporation__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __Stephen M. Hudspeth, Esq.__

ADDRESS __Coudert Brothers LLP, 1114 Avenue of the Americas, 4th fl., NY, NY 10036__

TELEPHONE NO. __(212) 626-4400__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)                                    **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Nuvera Fuel Cells, Inc.

**DEFENDANTS**
Xerox Corporation

04 11292 RWZ

(b) County of Residence of First Listed Plaintiff **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Stephen M. Hudspeth, Esq.
Coudert Brothers LLP
1114 Avenue of the Americas, 4th floor
New York, New York 10036

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. 1114, 15 U.S.C. 1125 (a)&(c) - trademark infringement, dilution, unfair competition

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Preliminary injunction and damages to be determined at trial
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE June 9, 2004    SIGNATURE OF ATTORNEY OF RECORD  Stephen M. Hudspeth (SH 8007) BBO#243280

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____